UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS JAMES STONE,

        Petitioner,                        Case No.   1:08-CV-406

v.                                                            Hon. Robert J. Jonker

KENNETH MCKEE,

        Respondent.
_____/

**ORDER AND JUDGMENT**
**APPROVING REPORT AND RECOMMENDATION**

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 4), and Petitioner's Objections (docket # 5). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997).  Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3); *See also* 28 U.S.C. § 636(b)(1)(C) (Lexis through P.L. 110-180).  De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to Magistrate Judge Brenneman; the Report and Recommendation itself; and Petitioner's Objection.  After its review,

the Court finds Magistrate Judge Brenneman's Report and Recommendation to be both factually sound and legally correct.

The Report and Recommendation recommends that Petitioner's habeas corpus petition be denied for lack of merit on the grounds presented. Petitioner objects and simply restates, in short form, the arguments considered by the Magistrate Judge. There is no new information or argument in the Objections. The Petitioner's arguments and his Objections fail to disclose any possible basis for a valid habeas claim. Petitioner complains that the state trial court did not articulate a proportionate basis for the sentence imposed of 210 months to 70 years, but the Eighth Amendment does not require strict proportionality. *Harmelin v. Michigan* 501 U.S. 957 (1991). Nor does any provision of the Constitution require that a state trial judge articulate the basis for his or her sentence in a particular form or detail. *Cf.* 3 WRIGHT, KING, & KLEIN, FEDERAL PRACTICE AND PROCEDURE § 528 (3d ed. 2004). Finally, petitioner's attempt to rely on *Blakely* to challenge the constitutionality of Michigan's indeterminate sentencing program misses the mark. Petitioner's sentence was within the parameters of the sentence authorized by Michigan law, and the authority cited in the Report and Recommendation establishes clearly that such a sentence does not violate the Constitution.

*Certificate of Appealability*

Before Petitioner may appeal the Court's dismissal of his petition, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A) (Lexis through P.L. 110-180); FED. R. APP. P. 22(b)(1). Thus the Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C.

§ 2253(c)(3); Fed. R. App. P. 22(b)(1); In re *Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, the petitioner must demonstrate that reasonable jurists could "debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 894 (1983)).

When a district court rejects a habeas petition on the merits, the required "substantial showing" is "straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. In this case, the Court finds that no reasonable jurist would find the merits of Petitioner's constitutional claims debatable.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 4) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that:

1. Petitioner's petition for a writ of habeas corpus is **DENIED** for lack of merit on the grounds presented; and

2. A certificate of appealability is **DENIED**.


Dated:   September 19, 2008              /s/ Robert J. Jonker
                                         ROBERT J. JONKER
                                         UNITED STATES DISTRICT JUDGE